FILED

March 24, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:42 P.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | | |
|---|---|---|---|
| Christopher Tolbert | ) | Docket No. | 2015-01-0199 |
| | ) | | |
| v. | ) | State File No. | 51113-2015 |
| | ) | | |
| MPW Industrial Services, Inc., et al. | ) | | |
| | ) | | |
| | ) | | |
| Appeal from the Court of Workers' | ) | | |
| Compensation Claims | ) | | |
| Thomas Wyatt, Judge | ) | | |

---

### Affirmed in Part, Reversed in Part, and Remanded - Filed March 24, 2016

---

In this interlocutory appeal, the employee suffered multiple injuries when he fell from a ladder while working as an industrial cleaner. Although the employer provided initial medical care, it did not provide a panel of physicians or pay temporary disability benefits until the employee filed a petition for benefit determination. Following an expedited hearing, the trial court ordered temporary disability benefits at an increased compensation rate and for additional periods of time. The employer has appealed, contending that the expedited hearing should not have been held and, in any event, temporary disability benefits should not have been awarded after the employee attained maximum medical improvement. Having carefully reviewed the record, we affirm in part, reverse in part, and remand the case.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

David Weatherman, Memphis, Tennessee, for the employer-appellant, MPW Industrial Services, Inc.

Carmen Ware, Chattanooga, Tennessee, for the employee-appellee, Christopher Tolbert

1

**Factual and Procedural Background**

Christopher Tolbert ("Employee"), a resident of Hamilton County, Tennessee, was employed as a cleaning technician by MPW Industrial Services, Inc. ("Employer"), a business that provides cleaning services at the Volkswagen plant in Chattanooga. On June 29, 2015, Employee fell from a ladder and suffered multiple injuries while performing his work duties. He was taken to an emergency room where he was prescribed medication, instructed to wear a cervical collar, and taken off work.

Employer did not provide a panel of physicians but, instead, arranged for Employee to be seen by Dr. Jayant Eldurkar on July 10, 2015. Dr. Eldurkar assigned work restrictions, which Employer indicated it could accommodate, and the parties signed an agreement reflecting that Employee would be provided work within his restrictions. However, according to Employee, Employer subsequently instructed him to remove his cervical collar and informed him he could not work while taking narcotic pain medication. Employee has not worked since the June 29, 2015 accident.

Employee filed a petition for benefit determination requesting temporary disability benefits and a panel of physicians. Thereafter, Employer provided a panel of physicians, and Employee chose to treat with Dr. Scott Hodges, an orthopedic surgeon. Temporary disability benefits were initiated on August 4, 2015, when Dr. Hodges took Employee off work, and were paid until Dr. Hodges placed Employee at maximum medical improvement on October 15, 2015.[1] No temporary disability benefits were paid after that date.

According to Employee, Dr. Hodges "substantially completed [his] treatment" on October 15, 2015 and referred him for pain management.[2] Employee first saw a pain management specialist, Dr. Stephen Dreskin, on November 11, 2015. After several visits, Dr. Dreskin, on January 6, 2016, assigned temporary restrictions and indicated Employee would be at maximum medical improvement from a pain management standpoint at the next visit, which was anticipated to occur four weeks later. According to Employee, Dr. Dreskin offered him no treatment options other than controlling his

---

[1] Although the record contains no medical note indicating that Dr. Hodges placed Employee at maximum medical improvement on October 15, 2015, there appears to be no dispute that he did so. Both the trial court's expedited hearing order and Employer's brief refer to Dr. Hodges having placed Employee at maximum medical improvement on October 15, 2015 and releasing him from his care. Also, Employee's attorney represented to the trial court that Employee was placed at maximum medical improvement on October 15, 2015, and Employer's representative testified that she had received "documents placing [Employee] at MMI on October 15, 2015."

[2] Dr. Hodges also referred Employee for psychiatric care, and he was provided a panel by Employer. Employee selected Dr. Gina Delgardo, but had not seen Dr. Delgardo at the time the trial court decided the interlocutory issues.

pain with medication. Dr. Dreskin was the only physician treating Employee when the case was heard by the trial court.

Neither party requested a hearing within sixty days of the issuance of the dispute certification notice on August 14, 2015, prompting the trial court to convene a show cause hearing to determine whether the case should be dismissed. *See* Tenn. Comp. R. & Regs. 0800-02-21-.12(1) (2015) ("If no request for hearing is filed within sixty (60) calendar days after the date of issuance of the dispute certification notice, the clerk shall . . . place the case on a separate dismissal calendar for a show cause hearing."). As part of his effort to prevent the dismissal of his case, Employee asserted that disputes initially raised in the petition for benefit determination had been resolved but that additional issues had arisen that required a hearing. Employee also explained that confusion stemmed from the mediator's failure to send the final version of the dispute certification notice to the parties.[3] In an order filed on December 22, 2015, the trial court declined to dismiss the case.

Thereafter, on January 11, 2016, an expedited hearing was held to address Employee's contention that he was entitled to temporary disability benefits. Employer objected to the hearing taking place, asserting that the parties had resolved their disputes and that a new petition for benefit determination was required for any new disputes to be heard by the court. The trial court determined that disputes concerning whether temporary disability benefits were owed and in what amount were properly before the court. Thus, the court overruled Employer's objection, proceeded with the hearing, and awarded temporary disability benefits from June 29, 2015, the date of the injury, until August 3, 2015, the date before Employer voluntarily began paying benefits. The trial court also found that Employee was not entitled to temporary disability benefits after Dr. Hodges placed him at maximum medical improvement on October 15, 2015, but before he saw Dr. Dreskin on November 11, 2015.[4] However, the trial court found that Employee was entitled to temporary disability benefits from November 11, 2015 until he returned to work or Dr. Dreskin placed him at maximum medical improvement. Employer has appealed.

---

[3] "If a written request to amend the dispute certification notice is presented to the mediator before the expiration of the five (5) business day period . . . the mediator *shall*, within three (3) business days after the initial five (5) business day period ends, *issue an amended dispute certification notice*. If no amended dispute certification notice is signed by the mediator *and distributed to the parties*, the initial dispute certification notice distributed to the parties . . . shall remain in effect." Tenn. Code Ann. § 50-6-236(d)(3)(C) (2015) (emphasis added).

[4] Employee has not appealed any aspect of the trial court's decision, including the denial of temporary disability benefits from October 15, 2015 to November 11, 2015.

**Standard of Review**

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

**Analysis**

Employer challenges the trial court's decision on three grounds: (1) the trial court erred in holding the expedited hearing over Employer's objection, (2) temporary disability benefits should not have been awarded in light of purported stipulations entered into by the parties, and (3) the trial court erred in awarding temporary disability benefits after Dr. Hodges placed Employee at maximum medical improvement. We will address each assertion in turn.

*Employer's Objection to the Expedited Hearing*

Employer asserts that issues addressed at the expedited hearing were not raised in the petition for benefit determination or dispute certification notice and should not have been considered by the trial court. *See* Tenn. Code Ann. § 50-6-239(b) (2015) (only issues certified in the dispute certification notice may be presented to the court for adjudication unless permission has been granted by the court to present additional issues). Employer maintains that the petition for benefit determination had essentially been resolved, thus requiring a new petition to bring additional disputes before the trial court. The trial court ruled Employer was on notice that the expedited hearing was to address issues properly before the court. We agree.

4

Employee's petition for benefit determination sought temporary disability benefits and the dispute certification notice identified the payment of past and future temporary disability benefits as disputed issues. While the amount of benefits claimed and the time periods in dispute may have changed by the time of the expedited hearing, the fundamental nature of the dispute remained the same, i.e., whether Employee was entitled to temporary disability benefits for periods of time he did not work after his work-related injury. Consequently, the trial court did not err in determining that the disputed issues were properly before the court and that it was appropriate for the court to move forward with the hearing and render a decision.

In a related argument, Employer asserts that the trial court erred in denying its "request for a continuance." Although the trial court's order does refer to a "motion to continue expedited hearing," the record contains no such motion, and the transcript of the hearing reveals no discussion of any such motion. Employer did indicate to the trial court that it was unaware the hearing would address contested issues and that it was unprepared to go forward. Assuming Employer's comments were tantamount to requesting a continuance, we find that the trial court did not abuse its discretion in denying Employer's request. *See Hoover v. Bd. of Prof'l Responsibility*, 395 S.W.3d 95, 103 (Tenn. 2012) (whether to grant or deny a motion for a continuance rests within the sound discretion of the trial judge and will not be disturbed on appeal unless there has been a clear showing of abuse of that discretion).

*Stipulations*

As an alternative way of expressing its argument that the trial court should not have held the expedited hearing, Employer asserts that benefits were improperly awarded because the parties represented to the court at the show cause hearing they had essentially resolved their dispute. Employer maintains, for the first time on appeal, that the trial court should have treated those representations as stipulations.

With limited exceptions not applicable here, issues not presented to and decided by the trial court will not be decided by the appellate courts. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991). As explained by one court, considering an issue "raised for the first time on appeal would be unfair to the trial court" because "the trial court [should be] given the opportunity to rule upon the merits of the issue." *Gilliam v. State*, No. 03-C-01-9411-CR-00406, 1995 Tenn. Crim. App. LEXIS 351, at *7 (Tenn. Crim. App. Apr. 25, 1995). In addition, considering an issue for the first time on appeal essentially "results in 'ambushing' the other party." *Id.* at *8. To avoid this untenable situation, "[i]t has long been the general rule that questions not raised in the trial court will not be entertained on appeal." *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). Indeed, in most instances, an issue raised for the first time on appeal will be deemed waived. *See, e.g.*, *Norton v. McCaskill*, 12 S.W.3d 789, 795 (Tenn. 2000); *see also* Appeals Board Prac. & Proc. § 5.5 ("Issues or arguments not

raised in the Court of Workers' Compensation Claims will be deemed waived on appeal.").

Such is the case here. Although Employer did argue at the expedited hearing that the issues raised in the petition for benefit determination and dispute certification notice had been resolved and, therefore, the hearing should not go forward, it made no argument that the parties had stipulated to anything. *See Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 701 (Tenn. Ct. App. 1999) (A stipulation is an agreement between the parties, entered into voluntarily, regarding particular business before the court that eliminates the need for the parties to present evidence regarding the stipulated matters.). Indeed, according to the trial court's expedited hearing order, the parties gave no details about what they had purportedly resolved, and the court specifically found that Employer failed to establish its "contention that the parties had resolved their issues prior to the expedited hearing." This issue has no merit.

*Maximum Medical Improvement*

As noted above, the trial court ordered Employer to pay temporary disability benefits from November 11, 2015, the date Employee came under Dr. Dreskin's care, until he was able to return to work or determined by Dr. Dreskin to have reached maximum medical improvement. Relying upon Tennessee Code Annotated section 50-6-207(1)(E), Employer argues that the trial court erred because Employee's treating physician, Dr. Hodges, placed him at maximum medical improvement on October 15, 2015, and he is receiving only pain management from Dr. Dreskin and psychiatric care from Dr. Delgardo.[5]

The legislature has declared that an employee "shall be *conclusively presumed* to be at maximum medical improvement when the treating physician ends all active medical treatment and the only care provided is for the treatment of pain or for a mental injury that arose primarily out of a compensable physical injury." Tenn. Code Ann. § 50-6-207(1)(E) (emphasis added). Here, it is undisputed that Employee's treating physician, Dr. Hodges, placed him at maximum medical improvement on October 15, 2015 and released him from his care. Employee testified that Dr. Hodges informed him on that date he had no further treatment to offer him, and Employee understood he had

---

[5] Attached to Employer's appellate brief is a form purportedly signed by Dr. Delgardo diagnosing Employee with "pain disorder with related psychological factors." However, just as an assertion of fact in a party's brief may not be considered as evidence on appeal, *Rezba v. Rezba*, No. M2014-00553-COA-R3-CV, 2015 Tenn. App. LEXIS 7, at *7 (Tenn. Ct. App. Jan. 7, 2015), documents attached to a brief not included in the record will not be considered on appeal, *State v. Anderson*, No. W2008-00188-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 306, at *56-57 (Tenn. Crim. App. Apr. 9, 2010). Thus, we decline to consider the document attached to Employer's brief.

completed his treatment with Dr. Hodges at that time. Thereafter, according to Employee, his treatment with Dr. Dreskin consisted of "trying to control the pain." Dr. Dreskin was the only physician treating Employee, and Employee acknowledged Dr. Dreskin offered him no treatment options other than pain management. Under these circumstances, the conclusive presumption provided for in section 50-6-207(1)(E) applies, making the award of benefits starting on November 11, 2015 error. *See Jones v. Crencor Sales and Leasing*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. 48, at *7 (Tenn. Wrk. Comp. App. Bd. Dec. 11, 2015) (temporary disability benefits terminate either by the ability to return to work or attainment of maximum medical recovery).

Finally, we note that in support of its award of benefits beginning on November 11, 2015, the trial court relied upon *Cleek v. Wal-Mart Stores, Inc.*, 19 S.W.3d 770 (Tenn. 2000) and *Wise v. Murfreesboro Health Care Center*, No. 01S0S-9404-CH-00034, 1994 Tenn. LEXIS 389 (Tenn. Workers' Comp. Panel Dec. 22, 1994). The trial court observed that these cases stand for the proposition that a period of temporary disability may be revived by a worker's continued work-related disability, even though an earlier period of disability terminated when the worker returned to work. Neither case, however, involved facts implicating section 50-6-207(1)(E) or its predecessor. Indeed, the conclusive presumption as provided for in section 50-6-207(1)(E) did not exist at the time those cases were decided. Thus, we reverse that portion of the trial court's decision awarding temporary disability benefits from November 11, 2015 until Employee returns to work or is determined by Dr. Dreskin to have reached maximum medical improvement.

## Conclusion

For the foregoing reasons, the trial court's decision to award temporary disability benefits from November 11, 2015 until Employee returns to work or Dr. Dreskin places him at maximum medical improvement is reversed. The trial court's decision is affirmed in all other respects. The case is remanded for any further proceedings that may be necessary.

_____
Marshall L. Davidson, III
Presiding Judge
Workers' Compensation Appeals Board

7

**FILED**

**March 24, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:42 P.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Christopher Tolbert | ) | Docket No. 2015-01-0199 |
| | ) | |
| v. | ) | |
| | ) | State File No. 51113-2015 |
| MPW Industrial Services, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 24th day of March, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Carmen Ware | | | | | X | cyware@thewarelawfirm.com |
| David Weatherman | | | | | X | david.weatherman@zurichna.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov